

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. M. Simpson, Sr.
County Attorney
Concho County
Paint Rock, Texas

Dear Sir:                     Opinion No. 0-3079
                              Re: Maximum compensation of sheriff,
                                  and related questions.

        Your recent request for an opinion of this depart-
ment on the questions as are herein stated has been received.

        We have been informed orally, in addition to your
written request, that the questions you desire to present for
an opinion of this department are as follows:

        1. What is the maximum annual compensation that may
be retained by the sheriff of Concho County?

        2. What are the authorized deductions the sheriff is
allowed to make in determining his maximum compensation?

        3. Is there any limit, in dollars and cents, that the
sheriff is allowed to deduct in determining his maximum compen-
sation?

        4. When the sheriff receives a warrant from the State
should he carry it as an uncollected item or include it as fees
collected in his annual report?

        5. Can the sheriff of Concho County retain compensa-
tion for performing services of a deputy when the claim for
the same is placed in the sheriff's annual report as being
for services of a deputy?

        Concho County has a population of Six Thousand, One
Hundred and ninety-one (6,191) inhabitants according to the last
Federal Census, and the county officials of said county are com-
pensated on a fee basis.

        The sheriff of Concho County, in addition to his other
duties, is the assessor and collector of taxes.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Under Articles 3883 and 3891, Vernon's Annotated
Civil Statutes, the maximum compensation that may be retained
by the sheriff cannot exceed $3,000.00. Our Opinion No.
0-1051 holds that where the office of sheriff is combined with
the office of assessor-collector, that $3,000.00 is the maxi-
mum fee allowed to such officer by the above mentioned statute.
A copy of this opinion is enclosed for your information.

In reply to your second question, you are advised
that the sheriff is authorized under Article 3891 to pay or
be paid the amount allowed him under the provisions of Arti-
cle 3883, together with the salaries of his assistants and
deputies and authorized expenses under Article 3899, and the
amount necessary to cover costs of premium on whatever surety
bonds may be required by law, out of the current fees of his
office. If the current fees of such office, collected in any
year, be more than the amount needed to pay the amount above
specified, the same shall be deemed excess fees and shall be
disposed of in the manner stated in Article 3891. The sheriff
is authorized to make the above deduction in arriving at his
maximum compensation.

In answer to your third question you are advised that
there is no limit, in dollars and cents, specified by the sta-
tutes that the sheriff can deduct in determining his maximum
compensation but he is allowed to make the deductions for the
expenditures above mentioned; however, the expenses allowed
by Section (a) of Article 3899 are subject to the orders of
the county auditor, if any, otherwise by the commissioners'
court.

With reference to your fourth question, we have been
unable to find any case where the courts have passed upon this
question or any statute specifying as to how a warrant received
by the sheriff from the State should be accounted for in the
sheriff's annual report. However, it is our opinion that a
warrant, such as above mentioned, is merely evidence of the
indebtedness and cannot be regarded as a payment of compensa-
tion due the sheriff, until the sheriff actually received the
money on said warrant. Therefore, you are advised that it is
our opinion that the sheriff should list said warrant as an un-
collected item or fee in his annual report; however, if the
warrant is discounted and the money is received by the sheriff,

he should show the same as fees collected in said annual report.

In reply to your fifth question, you are advised that the sheriff cannot legally retain compensation for performing services of a deputy when the claim for the same is placed in the sheriff's report as being for services of a deputy. In other words, the sheriff may retain any compensation for services he performs provided said compensation does not exceed the maximum as allowed by law, but he cannot retain compensation for performing services above his maximum although the claim for such compensation is placed in the sheriff's report as being for services of a deputy.

We are returning herewith the various instruments which accompanied your inquiry.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell William*

Ardell Williams
Assistant

AW:AW

ENCLOSURE

APPROVED FEB 4, 1941

ATTORNEY GENERAL OF TEXAS



APPROVED OPINION COMMITTEE BY ___ CHAIRMAN